# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:16-CV-00013-TBR

CHARLES D. TUCKER,                          Plaintiff,

v.

AMERICAN NETWORK INSURANCE
COMPANY, *et al.*,                          Defendants.

## MEMORANDUM OPINION AND ORDER

Dr. Charles D. Tucker filed this action against Penn Treaty Network America Insurance Company and its subsidiary, American Network Insurance Company, after the Companies denied his claim for disability benefits. Now, the Companies ask the Court to stay this litigation on account of ongoing rehabilitation proceedings in the Commonwealth of Pennsylvania. Because the Companies offer no compelling justification for such a course of action, however, the Companies' Motion to Stay Proceedings (R. 4) is **DENIED**.

**I.**

**A.**

In 2009, the Commonwealth Court of Pennsylvania placed Penn Treaty Network America Insurance Company, and its subsidiary, American Network Insurance Company, into rehabilitation. *See* R. 4 at 1–2 (Motion to Stay); *see also* R. 4-1 at 1, ¶ 1 (Commonwealth Court Order of January 6, 2009). *See generally In re Penn Treaty Network Am. Ins. Co.*, 119 A.3d 313 (Pa. 2015). As part of the rehabilitation process, the Commonwealth Court has continuously stayed (with few exceptions) all litigation against the Companies in Pennsylvania. *See* R. 4 at 2. For matters outside of Pennsylvania, the

1

Commonwealth Court has directed the Companies to petition for stays of litigation as necessary to protect the Companies' assets. *See, e.g.*, R. 4-1 at 5, ¶ 13; R. 6-1 at 1, ¶ 3 (Commonwealth Court Order of February 23, 2016).

Some nine years before the Commonwealth Court placed the Companies into rehabilitation, Dr. Charles D. Tucker purchased a Critical Cash Disability Policy from them. *See* R. 1-1 at 7, ¶ 5 (Complaint); R. 5 at 1 (Response to Motion to Stay). The Policy provided that, if Dr. Tucker became disabled, the Companies would make lump sum benefit payments to him. *See* R. 5 at 1; R. 1-1 at 13 (Critical Cash Disability Policy). In or about 2014, Dr. Tucker filed a claim for benefits, *see* R. 1-1 at 7, ¶ 6; R. 5 at 2, but the Companies denied that claim on the basis that Dr. Tucker was not "totally disabled" as defined in the Policy, *see* R. 1-1 at 16 (Letter of Denial); *see also id.* at 17–19 (Appeal Committee's Decision); *id.* at 20 (Appeal Committee's Supplemental Decision).

### B.

In response, Dr. Tucker filed this breach-of-contract action in Calloway County Circuit Court, Kentucky. *See* R. 1-1 at 8–9, ¶¶ 10–12. On January 26, 2016, the Companies removed that action to this Court. *See* R. 1 at 1 (Notice of Removal). Now, the Companies ask to stay this litigation until the rehabilitation proceedings in Pennsylvania conclude. *See* R. 4 at 1.

### II.

Subject to congressional limitation, this Court is vested with inherent powers "to process litigation to a just and equitable conclusion." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978) (citing *Ex parte Peterson*, 253 U.S. 300, 312–14

(1920)). Among those is the Court's authority to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))); *see also In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993); *Jewell v. Davies*, 192 F.2d 670, 672–73 (6th Cir. 1951). In exercising its judgment, this Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255 (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935)).

### III.

The Companies articulate two reasons why this Court ought to stay Dr. Tucker's action against them. First, the Companies maintain that this Court should accord full faith and credit to the Commonwealth Court's rehabilitation orders and enter a stay. *See* R. 4 at 3–4 (citing U.S. Const. art IV, § 1); R. 6 at 2–3 (Reply). Second, the Companies argue that general principles of comity require the Court to stay this action. *See* R. 4 at 4–5; R. 6 at 3. The Court finds neither suggestion persuasive.

### A.

In the main, the Companies do not explain what aspect of the Commonwealth Court's orders merit full faith and credit. While the Commonwealth Court has stayed all litigation against the Companies in Pennsylvania, none of its orders purport to stay litigation outside of that jurisdiction.[1] Instead, the orders simply direct the Companies to petition courts outside of Pennsylvania for a "stay of litigation . . . where necessary to

---

[1] Even if the orders professed to control litigation elsewhere, this Court need not afford them full faith and credit for a host of reasons discussed at length in *Hawthorne Savings F.S.B. v. Reliance Insurance Co. of Illinois*, 421 F.3d 835, 849–51 (9th Cir. 2005), *amended by* 433 F.3d 1089 (9th Cir. 2006). *See also Boyce v. Legion Ins. Co.*, No. Civ.A. 02-1693, 2002 WL 32341783, at *1 n.2 (E.D. Pa. Oct. 31, 2002) (declining to afford Pennsylvania court's rehabilitation order full faith and credit).

protect the estate of [the Companies]." R. 6-1 at 1, ¶ 3. Here, the Companies have done just as much. The Court is unsure, then, how the Companies' request implicates the Full Faith and Credit Clause's guarantees. *See* U.S. Const. art. IV, § 1. In any event, the Court need not stay this litigation on those grounds.

**B.**

**1.**

Nor do general principles of comity or reciprocity warrant staying this action. While Kentucky and Pennsylvania have similar statutory schemes for the rehabilitation and liquidation of insolvent insurance companies, *compare* Ky. Rev. Stat. §§ 304.33-010 to -600, *with* 40 Pa. Cons. Stat. §§ 221.1 to .63, neither forbids a party from maintaining an action to obtain (as opposed to enforce) a judgment against an insurer in rehabilitation (as opposed to in liquidation), *see Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F.3d 835, 854 (9th Cir. 2005), *amended by* 433 F.3d 1089 (9th Cir. 2006); *Hoiness-LaBar Ins. v. Julian Constr. Co.*, 743 P.2d 1262, 1268–69 (Wyo. 1987); *Fuhrman v. United Am. Ins.*, 269 N.W.2d 842, 846 (Minn. 1978). Although the Commonwealth Court's orders might "very well preclude enforcement of any judgment," the Companies have not explained how prosecuting this action to judgment would interfere with Pennsylvania's rehabilitative efforts. *See Holden v. Connex-Metalna Mgmt. Consulting GmbH*, 302 F.3d 358, 363–64 (5th Cir. 2002). Accordingly, the Court declines to stay this litigation on comity grounds. *See* 16 Am. Jur. 2d *Conflict of Laws* § 11, Westlaw (database updated February 2016).

**2.**

The Companies disagree and point the Court to *Twin City Bank v. Mutual Fire Marine & Island Insurance Co.*, 646 F. Supp. 1139 (S.D.N.Y. 1986), *aff'd sub nom. Twin City Bank v. Mutual Fire Insurance Co.*, 812 F.2d 713 (2d Cir. 1987) (unpublished table decision). In that case, a creditor sought to execute on a foreign judgment against an insolvent insurer. *Id.* at 1139–40. The district court stayed execution of the judgment because attaching the insolvent insurer's assets directly threatened its prospects of rehabilitation. *Id.* at 1142.

In this case, however, Dr. Tucker does not seek to enforce a judgment against the Companies. Instead, he wishes to obtain one. The Companies do not explain how this simple breach-of-contract claim presents an obstacle to its rehabilitative efforts in Pennsylvania. Consequently, *Twin City Bank* is inapposite. *See Mutual Fire, Marine & Inland Ins. Co. v. Adler*, 726 F. Supp. 478, 483–84 (S.D.N.Y. 1989); *Reliance Ins. Co. v. Plumb Creek Timber Co.*, No. 99C-11-263, 2001 WL 1222090, at *1 (Del. Super. Ct. Sept. 26, 2001).

**IV.**

**IT IS HEREBY ORDERED** that Defendants American Network Insurance Company and Penn Treaty Network America Insurance Company's Motion to Stay Proceedings (R. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that a Telephonic Status Conference is **SET** for **April 14, 2016, at 10:00 a.m. CST**. The Court shall place the call.

Date:

cc:     Counsel of Record